UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR., | No. 2:19-cv-2243 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

    Plaintiff has filed two motions requesting the court enforce his settlement agreement and hold defendants in contempt for violating the agreement. ECF Nos. 24, 25.

    On November 3, 2020, the parties filed a stipulation for voluntary dismissal of this action with prejudice and the case was closed the following day pursuant to the parties' stipulation. ECF Nos. 22, 23. Unless the "parties' obligation to comply with the terms of [a] settlement agreement [are] made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order," then "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).

    Here, the stipulation for dismissal does not incorporate the terms of the settlement agreement or provide that this court retain jurisdiction over the matter (ECF No. 22), nor does

there appear to be an independent basis for federal jurisdiction. Accordingly, this court lacks jurisdiction and plaintiff's remedy is to bring a claim for breach of contract in state court.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to enforce the settlement agreement and hold defendants in contempt (ECF Nos. 24, 25) are DENIED for lack of jurisdiction.

DATED: June 30, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that, based on the information provided, there does not appear to have been a violation of the settlement agreement and plaintiff's settlement proceeds appear to have been properly disbursed.